UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NINFA COOK, ) | |
| Plaintiff, ) | Case No. CV 05-8118 AJW |
| v. ) | MEMORANDUM OF DECISION |
| JO ANNE B. BARNHART, ) Commissioner of the Social ) Security Administration, ) | |
| Defendant. ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties have stipulated to the procedural facts. [JS 2]. Plaintiff's application for disability insurance benefits was finally denied in an August 18, 2004 hearing decision by Administrative Law Judge Ariel Sotolongo (the "ALJ"). [Administrative Record ("AR") 23-28]. The ALJ found that plaintiff had severe fibromyalgia and depression. The ALJ further found that plaintiff retained the residual functional capacity ("RFC") for light work, and that her RFC did not preclude her from performing her past work or alternative work available in significant

numbers in the national economy. [AR 27-28]. The ALJ therefore concluded that plaintiff was not disabled. [AR 28]. The Appeals Council denied plaintiff's request for review of that decision. [JS 2; AR 11].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or if it is based on the application of incorrect legal standards. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is more than a mere scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954. The court is required to review the record as a whole, and to consider evidence detracting from the decision as well as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

Plaintiff contends that the ALJ erred in finding that plaintiff had "severe fibromyalgia and depression" but did not have any resulting mental functional limitations. In particular, plaintiff contends that the ALJ erred in rejecting the mental functional limitations described by examining physician Dr. John Woodward and non-examining physician Dr. Melvin Morgan. [JS 3-5, 8].

The ALJ's finding that plaintiff had severe impairments consisting of fibromyalgia and depression but had no mental functional limitations is not per se legal error4 because, as plaintiff acknowledges, a claimant's combined impairments may be severe even though the component impairments, considered singly, are not. See 20 C.F.R. §§

404.1545(a)(2),(e); 416.945(a)(2),(e). Thus, the dispositive issue is whether the ALJ properly found that plaintiff's impairments did not result in any mental functional limitations.

Dr. Woodward, the Commissioner's consultative board-eligible psychiatrist, examined plaintiff in January 2003. [AR 540-543]. On the basis of a history and mental status examination, he opined that plaintiff had a depressive disorder not otherwise specified. He assessed no impairment in performing simple repetitive tasks and in working on a continuous basis without special supervision; slight impairments in interacting with supervisors and co-workers, maintaining concentration and attention, and performing detailed, complex tasks; and slight-to-moderate limitations in withstanding normal workplace stressors, completing a normal work week without interruption, and in interacting with the public. [AR 543]. Dr. Woodward opined that plaintiff's prognosis was good with appropriate treatment. [AR 543].

The non-examining state agency psychiatrist, Dr. Morgan, opined that plaintiff was "not significantly limited" in most mental functional abilities and could perform substantial gainful activity. He opined, however, that she was "moderately limited" in her ability to perform activities within a regular schedule, maintain regular attendance, be punctual within customary tolerances, complete a normal workday and work week without interruptions from psychologically-based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, and respond appropriately to changes in the work setting. [AR 571-572].

The ALJ characterized Dr. Woodward's reports as indicating the existence of "minimal functional limitations."[AR 26]. He also noted that Dr. Morgan assessed no limitations in most mental abilities and moderate mental functional limitations in some areas, and that he opined that plaintiff was not disabled. [AR 26]. Although the ALJ did not expressly state why he did not adopt those limitations, his reasons for doing so are clear from his discussion of the medical evidence. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (stating that a reviewing court may draw specific and legitimate inferences from the ALJ's opinion "if those inferences are there to be drawn"). To be more precise, the ALJ rejected the existence of mental functional limitations because "several treating or examining physicians have indicated that the claimant

was either malingering or at least [was] exaggerating her symptoms."[AR 26]. Significantly, plaintiff has not challenged the ALJ's assessment of that evidence nor his conclusion that there was substantial evidence of malingering or exaggeration of symptoms.

The ALJ noted that plaintiff was evaluated for purposes of a workers' compensation claim by William Sullivan, M.D., Ph.D., a board-certified psychiatrist and forensic examiner[1] who worked with Judith Marshall, Ph.D., a licensed clinical psychologist, in preparing an initial evaluation report dated May 17, 2000. That report was based on a clinical history, mental status examination, and psychological testing. [AR 322-354]. Dr. Sullivan also submitted three supplemental reports analyzing, and commenting in depth upon, plaintiff's medical records from other treating and examining doctors. [AR 293-321]. In his final report, Dr. Sullivan concluded that plaintiff had engaged "in misrepresentation and withholding of information which could only be understood as an attempt to manipulate the workers' compensation system." [AR 25 (citing AR 311)]. Dr. Sullivan also concluded that there were "very serious credibility concerns in this case," and that malingering "needs to be ruled out."[AR 308]. Along with "marked discrepancies" in plaintiff's statements to various doctors [AR 295] and "evasive" answers to questions about her past employment [AR 344], Dr. Sullivan noted that plaintiff's Minnesota Multiphasic Personality Inventory-2 ("MMPI") profile showed "significant validity problems" with her test results, including "extreme over-reporting of psychopathology." [AR 26, 334].

The ALJ also pointed out that Dr. Sullivan's suspicions of malingering or exaggeration were consistent with comments made by two other physicians. In an August 2003 therapy note, Dr. Steven Schenkel, a treating psychiatrist, wrote that he suspected plaintiff of malingering. He also noted that she frequently cancelled, or was late for, her appointments. [AR 733, 741]. In April 2001, a workers' compensation examining orthopedist, Dr. Sanford Kornblum, declined to provide a definitive disability opinion due to "credibility factors of

---

[1] Plaintiff does not take issue with the ALJ's characterization of Dr. Sullivan as a "treating psychiatrist" [AR 25], but Dr. Sullivan's reports do not refer to any treatment administered by him. [AR 293-354].

exaggeration of disability and motivation for secondary gain and multiple inconsistencies ...." [AR 26, 264; see also AR 280, 289 (January 2001 report by Dr. Kornblum stating that there was "undoubtedly a good deal of exaggeration and overstatement of subjective disability" by plaintiff and noting a report indicating that Dr. Gallway, a treating psychologist, had commented that plaintiff's request for disability appeared to be motivated by secondary gain)].

Dr. Sullivan opined that plaintiff had no clinical psychiatric disorder and needed no psychiatric treatment, but that she had a personality disorder resulting in a "very slight pre-existing psychiatric work impairment" that would not preclude her from performing her past work as a preschool teacher or from entering "the open job market." [AR 25, 304, 313].  The ALJ gave Dr. Sullivan's opinion "great weight" because it was his final report and was based on a thorough review of the record, including earlier treatment and examination reports, and "it adequately explains contrary findings by" other doctors. [AR 26].  That, of course, would include Dr. Woodward or Dr. Morgan, even though they were not mentioned by name.  They did not review the medical records surveyed (and in some cases rebutted) in detail by Dr. Sullivan or conduct psychological testing as he did, and consequently they did not have before them the evidence that Dr. Sullivan relied on to conclude that plaintiff was magnifying her symptoms and misrepresenting her history.  Moreover, since Dr. Sullivan was an examining physician, his opinion is entitled to greater weight than Dr. Morgan's irrespective of these differences. These constitute specific and legitimate reasons for preferring Dr. Sullivan's opinion over those of Drs. Woodward or Morgan. See generally Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995)(explaining the standards governing the evaluation of treating, examining, and non-examining physicians' opinions).

The ALJ did not err in rejecting the controverted opinions of Drs. Woodward and Morgan, and his finding that plaintiff has no mental functional limitations is supported by substantial evidence in the record.

///

///

///

**Conclusion**

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and reflects application of the proper legal standards. Accordingly, defendant's decision is **affirmed.**

**IT IS SO ORDERED.**

DATED: August 1, 2006

                                                           _____/s/_____
ANDREW J. WISTRICH
United States Magistrate Judge